UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 21-315 |
| 0.044 ACRES OF LAND, MORE OR LESS SITUATED IN PARISH OF PLAQUEMINES STATE OF LOUISIANA, AND THE SUCCESSION OF ANTOINETTE BERNICE COGNEVICH BARROIS, ET AL | SECTION: "S" (3) |

## ORDER

**IT IS HEREBY ORDERED** that the court's Order & Reasons of November 3, 2022 (Rec. Doc. 33) is **AMENDED**, and the following is substituted in lieu of Record Document 33.

## AMENDED ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Rec. Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 150E, payable by the United States to the defendants/claimants, Helen Scott Ehle Barrois and the Succession of Mancil Joseph Barrois. is the sum of $2,200.00;

**IT IS FURTHER ORDERED** that pursuant to the "Department of the Army Offer to Sell Easement" agreement accepted by the United States on September 4, 2012 (Rec. Doc. 28-10), the United States shall pay the negotiated sum of $3,700.00 to defendants/claimants in the percentages set forth herein.

## BACKGROUND

This matter is before the court on the United States's motion for determination of title and just compensation.

On February 12, 2021, the United States filed this action condemning 0.044 acres of land in Plaquemines Parish, Louisiana ("Tract 150E") for the public use of flood protection. Thereafter, the United States deposited $3,700.00 into the court's registry, at which time title vested in the United States pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114(b).

The United States has identified the persons that may have an ownership interest in Tract 150E. Prior to filing, the United States obtained title evidence indicating that the tract was owned by the Succession of Antoinette Bernice Cognevich Barrois and Melanie Johnson, wife of/and Russell E. Barrois, Jr. The sale that includes Tract 150E was made to Bernice Cognevich Barrois a/k/a Antoinette Bernice Cognevich ("Bernice") in 1945. At the time, she was the third wife of Mancil Joseph Barrois ("Mancil"), but a declaration in the Act of Sale states that the property was purchased with separate funds and that the property was not to be treated as community property. At the time of his marriage to Bernice, Mancil had four sons by his two prior wives. Russell E. Barrois, Jr. is the son of the Gerard A. Barrois, one of Mancil's sons from his second marriage. Mancil and Bernice had two more children, Bernita J. Barrois and Austin F. Barrois.

Mancil died testate in 1975 and his succession was filed in 1978. Bernice died intestate in 1981 and her succession was filed in 1983. The land that includes Tract 150E is listed in both of their successions. The living heirs of Mancil and his succession were named in the instant proceeding.

After recording the Notice of Lis Pendens with the Plaquemines Parish Clerk of Court, the United States obtained an updated title examination through the date of the Notice, which revealed two conveyances and a money judgment in the chain of title. Although there was

disagreement as to whether the property was community or separate property, the June 2020 judgment of possession in the consolidated successions of Bernice and Mancil established that it was community property. That judgment placed the succession of Mancil Joseph Barrois in possession of an interest in the property, and the successions of Bernice and Austin Francis Barrois in possession of the remaining property. In August 2020, a judgment in the succession of Austin F. Barrois placed Helen Scott Ehle Barrois, Austin's widow and universal legatee, in possession of all of Austin F. Barrois' property. Read together, the two judgments of possession resulted in a distribution of 2/9 of the property to the Succession of Mancil Joseph Barrois, and 7/9 of the property to Helen Scott Ehle Barrois. Mancil's succession remains open, and thus his heirs possess an interest in his succession.[1] Both Mancil Joseph Barrios's succession and Austin F. Barrios's succession were named in this proceeding.

The title contractor determined that Helen Scott Ehle Barrois has a 7/9 interest (77.78%) in Tract 150E, and the Succession of Mancil Joseph Barrois has a 2/9 interest (22.22%) in Tract 150E.

Prior to filing this civil action, the United States obtained a trial appraisal of Tract 150E that estimated the value of Tract 150E to be $2,200.00.

---

[1] Mancil's heirs include his son by his second marriage, Gerard Barrois. In 2009, Gerard Barrois' son, Russell E. Barrois, and his wife, Melanie Johnson Barrois, purchased Gerard Barrois' interest at a sheriff's sale in Plaquemines Parish. The updated title examination revealed a judicial mortgage created by a final judgment in favor of Discover Bank and against Melanie Johnson Barrois in the amount of $6,832.46 recorded in October 2018 in the mortgage records of Plaquemines Parish. Finding that because Gerard was never placed in possession of the property, the immovable property remains in part in the name of the Succession of Mancil Joseph Barrois, the title examiner concluded that the judicial mortgage did not attach, and Discover Bank has no claim to the funds distributed to the Succession of Mancil Joseph Barrois. Discover Bank was added as a party defendant in this proceeding. Discover Bank has neither appeared nor answered.

On August 24, 2022, the United States filed the instant motion to determine title and just compensation. To assist the court in rendering a decision, the United States submitted two Interim Binders on Owner's Title Guarantee (Insurance) Policy authored by the Department of the Army, the Negotiator's Report, relevant Plaquemines Parish court records, an Attorney's Title Opinion, and the Appraisal Report. These documents set forth the Barrois family history and the ownership and value of Tract 150E.

## ANALYSIS

**I.     Ownership of Tract 150E**

A federal court sitting in a condemnation case is authorized to determine who among the competing claimants held title to land prior to its condemnation. Clark v. White, 185 F.2d 528, 530 (5th Cir. 1950). Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the district court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." Thus, this court has jurisdiction to determine whether a defendant/claimant has a compensable interest and is entitled to present evidence as to just compensation.

The United States has filed an *amicus curiae* memorandum regarding ownership issues and has identified the persons and estates that might have an ownership interest in Tract 150E, as outlined in the title examiner's review of the chain of title. None of the persons identified by the title examiner and given notice by the United States have filed either an appearance or an answer in these proceedings or otherwise challenged the title opinion as to the percentages of ownership. The United States published on three occasions in September 2022 in the Times-Picayune/New Orleans Advocate an announcement that the court would determine ownership and just

compensation issues relative to Tract 150E on October 5, 2022. There being no challenge or additional evidence to consider with respect to ownership, this court is persuaded by the United States's submission, which is based on a title examination and the title policy on Tract 150E. Considering the evidence presented, the court finds that Helen Scott Ehle Barrois and the Succession of Mancil Joseph Barrois are the owners of compensable interests in Tract 150E, and each are therefore entitled to just compensation for the public taking of Tract 150E, in the following proportions: Helen Scott Ehle Barrois has a 7/9 interest (77.78%) in Tract 150E, and the Succession of Mancil Joseph Barrois has a 2/9 interest (22.22%) in Tract 150E.

**II.     Just Compensation**

In this case, there is no jury demand. Thus, the court may make a determination of just compensation. FED. R. CIV. P. 71.1(h). Pursuant to Rule 71.1(e)(3), "a defendant - - whether or not it has previously appeared or answered - - may present evidence on the amount of compensation to be paid and may share in the award." Although the United States published notices in the newspaper, nobody has appeared to contest the United States's submission as to just compensation.

Just compensation is the fair market value of the property on the date of its appropriation. Kirby Forest Indus., Inc. v. United States, 104 S.Ct. 2187, 2194 (1984). The United States has presented an appraisal of the property that states that just compensation in the amount of $2,200.00 is proper and appropriate. No party has contested the United States's just compensation valuation or submitted an alternative estimate of just compensation. The record supports a finding that $2,200.00 is the fair market value of Tract 150E. Accordingly, the court finds that $2,200.00 constitutes just compensation for the taking of Tract 150E. The court further

finds that the United States is obligated to pay the negotiated sum of $3,700.00 to defendants pursuant to the "Department of the Army Offer to Sell Easement" agreement accepted by the United States on September 4, 2012. Rec. Doc. 28-10.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Rec. Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 150E, payable by the United States to the defendants/claimants, Helen Scott Ehle Barrois and the Succession of Mancil Joseph Barrois. is the sum of $2,200.00;

**IT IS FURTHER ORDERED** that pursuant to the "Department of the Army Offer to Sell Easement" agreement accepted by the United States on September 4, 2012 (Rec. Doc. 28-10), the United States shall pay the negotiated sum of $3,700.00 to defendants/claimants in the percentages set forth herein.

New Orleans, Louisiana, this  16th  day of November, 2022.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

6